CASE No. 1003.

## DETHERIDGE v. GILREATH.

The service of three manuscript copies of the brief upon respondent's attorney, was a sufficient compliance with the rule of court, which, at the time of appeal taken, only required that three copies should be served.

Motion to restore to the docket of this court a case which had been dismissed by the clerk.   At the time of appeal taken, Rule VII. of the Supreme Court required the appellant to serve " three copies of the case, or brief as prepared for argument," on the attorney of the adverse party within twenty days after the return of the Circuit Court had been filed in this court.   If he failed to do so the respondent might, by notice in writing, require the service of such copies within ten days after the service of such notice, &c.

*Mr. E. F. Stokes,* for motion.

*Mr. M. F. Ansel,* contra.

March 18th, 1881.   The opinion of the court was delivered by SIMPSON, C. J.   In this case the appeal was dismissed by the clerk of the court, on affidavits submitted by attorney of re-

spondents, that Rule VII. of this court had not been complied with, in that appellants failing to have served copies of the brief or case within twenty days after the return from the Circuit Court, had still failed, upon notice and demand by respondents, to have said copies served within the time prescribed by the rule.

It appears from the affidavits, both of respondents and appellants, that while it is true that printed copies of the case were not served, yet that manuscript copies were tendered by the appellants within proper time.

Was the tender of manuscript copies a sufficient compliance with the rule? The rule at that time simply required that three copies should be served. It was silent as to whether they should be in writing or printed.

It would be much better that all papers connected with appeals should be printed, and, by recent amendment of Rule VII., this is required as to the papers therein referred to. In the absence, however, of such requirement at the time this appeal was taken, we think appellants substantially complied with the then existing rule, and that this appeal should not have been dismissed.

It is therefore ordered that the appeal in this case be restored to the docket.

McIVER and McGOWAN, A. J.'s, concurred.